IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSE ABEL HERNANDEZ MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-1661 (AJT-LRV) |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Jose Abel Hernandez Morales's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on June 12, 2026.

Petitioner is a native and citizen of El Salvador, who entered the United States approximately five years ago. [Doc. No. 1] ¶ 12. Petitioner has a final order of removal, dated August 27, 2024, with withholding of removal to El Salvador pursuant to 8 U.S.C. § 1231(b)(3). [Doc. No. 1-1] at 2. On September 9, 2024, Petitioner was released on an Order of Supervision, which required him to periodically report to ICE upon request. *Id.* at 6. Petitioner has a "category A10" Employment Authorization Document, issued on December 10, 2024, and is the main source of income for his family. [Doc. No. 1] ¶¶ 16–17.

On May 12, 2026, Petitioner reported to the ICE Richmond Field Office for a scheduled ICE check-in, and was taken into custody. *Id.* ¶ 18. Petitioner was moved to Louisiana to be removed and subsequently moved back to the Farmville Detention center. *Id.* ¶ 20. There is no evidence in the record that Petitioner's Order of Supervision has been revoked.

Petitioner contends that (1) his detention violates 8 U.S.C. § 1231(a)(6) and his due process rights; (2) Petitioner's removal to a third-country not identified on his removal order without

Immigration Judge review of his fear claim violates his due process rights; and (3) the revocation of his order of supervision violates the INA's implementing regulations. [Doc. No. 1] at 9–11.

On June 18, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Benitez Pineda v. Noem*, No. 1:25-CV-2337-AJT-WBP (E.D. Va. Mar. 2, 2026), or the other opinions of this Court cited therein. [Doc. No. 4]. In *Benitez Pineda*, the Court ordered the petitioner's release from custody based on the Respondents' failure to lawfully revoke his order of supervision. The Court further enjoined the petitioner's removal unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied. *See Benitez Pineda*, Dkt. No. 14.

In light of the foregoing, the Court determines, as it did in *Benitez Pineda*, that the revocation of Petitioner's Order of Supervision is unlawful and Petitioner is entitled as a matter of procedural to process to immigration judge review of his negative fear determination as described in the regulations governing the analogous context. 8 C.F.R. §§ 208.31, 1208.31. Accordingly, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be RELEASED from custody immediately subject to his September 9, 2024 Order of Supervision, which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4; and it is further

**ORDERED** that if Petitioner is again detained in compliance with the applicable regulations, Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from

removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to a third country; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

The Clerk is directed to send this Order to all counsel of the record and to terminate the case.

June 23, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge